# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BANKUNITED, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ASD KITCHEN, INC., AULLAH S. DARWISH, SAM M. DARWISH, AND RAJESH P. PADOLE, <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. 4:18-cv-804 |

**AFFIDAVIT IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

STATE OF TEXAS              )
                            )
COUNTY OF HARRIS

BEFORE ME, the undersigned authority personally appeared Cameron J. Asby, known to me to be the person whose name is subscribed hereto and who, after being first duly sworn, stated as follows:

1. My name is Cameron J. Asby.

2. I am counsel of record for Plaintiff BankUnited, N.A. ("Plaintiff" or "BankUnited"). I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct, and I could testify to them competently if called upon to do so.

3. On November 9, 2018, BankUnited sued ASD Kitchen, Inc. for breach of contract.

4. On November 13, 2018, the Clerk of Court issued a summons in this action to ASD Kitchen to be served upon its registered agent, Sam Darwish. *See* (Doc. 4).

5. On August 9, 2019, ASD Kitchen, through counsel for its registered agent, Sam Darwish, waived service of the summons and complaint. A true and correct copy of the waiver of service (Doc. 37) is attached as Exhibit 1.

6. ASD Kitchen's responsive pleadings were due by October 8, 2019. ASD Kitchen did not file a responsive pleading or otherwise to defend the suit.

7. On October 10, 2019, a Clerk's Entry of Default was entered into the docket. A true and correct copy of the entry of default (Doc. 49) is attached as Exhibit 2.

8. ASD Kitchen is a corporation and therefore is not a minor nor an incompetent person.

Further Affiant Sayeth Not.

Cameron J. Asby

Sworn to and subscribed before me
By Cameron J. Asby on this 30th day
Of October 2019

Notary Public

Notary Public in and for the State of Texas

My commission expires: 12/29/22 .

MELISSA LARA
Notary ID #128480883
My Commission Expires
December 29, 2022

# EXHIBIT 1

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| BANKUNITED N.A., <br> *Plaintiff* <br> v. <br> ASD KITCHEN, INC., et al <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 4:18-cv-804-ALM <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Cameron J. Asby
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 8/9/2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 8/9/19

*Signature of the attorney or unrepresented party*

ASD KITCHEN, INC.
*Printed name of party waiving service of summons*

Noah Nadler, counsel for Sam Darwish
*Printed name*

3131 McKinney Ave., Ste. 100, Dallas, TX 75204
*Address*

noah.nadler@wickphillips.com
*E-mail address*

214-699-6200
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

BankUnited, N.A.

v.            Civil No. 4:18-cv-804

ASD Kitchen, Inc. et al

### CLERK'S ENTRY OF DEFAULT

On this __10th__ day of __October__, 20 __19__, it appearing from the affidavit(s) in support of default of __Cameron Asby__, attorney for plaintiff, that each of the defendants named below has failed to plead or otherwise defend herein as provided by the Federal Rules of Civil Procedure;

Now, therefore, the DEFAULT of each of the following named defendants is hereby entered:

ASD Kitchen, Inc.

DAVID A. O'Toole, CLERK

By: ___Kul Co___
Deputy Clerk

p:\DFLT.ord