# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BANKUNITED N.A., | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No.  4:18-CV-00804 |
| | § | Judge Mazzant |
| ASD KITCHEN, INC., AULLAH S. | § | |
| DARWISH, SAM P. DARWISH, SKINNY | § | |
| IT CORP., AND RAJESH P. PADOLE, | | |
| *Defendants*. | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff BankUnited N.A.'s Application for Attorneys' Fees and Costs (Dkt. #61).  Having considered the motion and the relevant pleadings, the Court finds that BankUnited's Motion should be **GRANTED**.

## BACKGROUND

On January 8, 2020, the Court entered its Order granting Plaintiff's Motion for Entry of Default Judgment (Dkt. #59).  In its Order, the Court instructed BankUnited to submit evidence of its attorneys' fees and costs within 30 days of the date of the Order (Dkt. #59).  On February 10, 2020, BankUnited filed Plaintiff BankUnited N.A.'s Application for Attorneys' Fees and Costs (Dkt. #61).  BankUnited now requests $47,825.50 in attorneys' fees and $1,619.20 in costs connected with this litigation (Dkt. #61).  In addition, BankUnited requests $4,515 in fees and costs for preparing this application (Dkt. #61).  BankUnited's Motion includes the profiles of each of the attorneys that worked on the matter (Dkt. #61, Exhibits A-C), the billing history in this case (Dkt. #61, Exhibits D-E), and the Declaration of Cameron J. Asby in Support of BankUnited N.A.'s Application for Attorneys' Fees and Costs (Dkt. #61, Exhibit 1).

**LEGAL STANDARD**

Courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar is calculated by multiplying the number of hours an attorney spent on the case by an appropriate hourly rate. *Id.* at 502. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The lodestar is presumptively reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The party seeking attorneys' fees must present adequately recorded time records. *Watkins*, 7 F.3d at 457. The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed

within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).  Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

## ANALYSIS

The first step in the lodestar analysis requires a determination of the reasonable number of hours expended by counsel, as well as the reasonable hourly rate.  BankUnited offers time records in support of its application for attorneys' fees. Bank United asserts that the reasonable hourly rates for each attorney are as follows:

| Attorney | Standard Hourly Rate | Discounted Rate[1] |
|---|---|---|
| Jon Petrakis: Partner | $845-$900 | $595 |
| Cameron Asby: Associate | $560-$610 | $430 |
| Louise Melchor: Associate | $680 | $495 |

BankUnited then states that 128.5 hours were expended on this litigation with Mr. Asby contributing to the "vast majority" of the work to "minimize costs" (Dkt. #61).  A full itemized list details the hours expended by each attorney in Exhibit D.  The Court finds that the rates and hours requested are reasonable.  The Court finds no reason to alter the lodestar fee.

---

[1] Mr. Petrakis, Mr. Asby, and Ms. Melchor provided their services to BankUnited at the discounted rate reflected above.

Additionally, Mr. Asby expended 10.5 hours at an hourly rate of $430 in preparing this Motion.  The preparation of a motion for attorneys' fees requires "legal knowledge and skill beyond the capabilities of clerical staff."  *Salinas v. Rubin*, 126 F. Supp. 2d 1026, 1038 (S.D. Tex. 2001), *vacated in part*, 286 F.2d 827 (5th Cir. 2002).  Thus, courts have awarded attorneys' fees and costs for the preparation of a fee application. *See id.*  The Court finds it appropriate to do so here.  Because the Court finds that the rate and hours are reasonable, and that there is no need to alter the fee, the Court grants BankUnited's request for fees associated with the preparation of this Motion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff BankUnited N.A.'s Application for Attorneys' Fees and Costs (Dkt. #61) is hereby **GRANTED**.

It is further **ORDERED** that:

1.  BankUnited be awarded attorney's fees in the amount of $47,825.50;

2.  BankUnited be awarded costs in the amount of $1,619.20; and

3.  BankUnited be awarded attorney's fees in the amount of $4,515.00 incurred in preparing BankUnited's N.A.'s Application for Attorney's Fees and Costs.

**IT IS SO ORDERED**.

 **SIGNED this 22nd day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE